**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**LA'BRANDON KEITH GRACE** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:26-CV-00258-DAS**

**ALEXIS ROBY, et al.** **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* prisoner complaint of La'Brandon Keith Grace who challenges the conditions of his confinement under 42 U.S.C. § 1983. Upon due consideration of Grace's allegations and the applicable authority, the Court finds that Grace's claims should be dismissed for failure to state a claim upon which relief can be granted.

## Screening Standards

Because Grace has been permitted to proceed *in forma pauperis* in this action,[1] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a

---

[1] *See* Doc. # 14.
[2] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Plaintiff's Allegations and Procedural Posture**

Grace, an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), is currently housed at the Marshall County Correctional Facility ("MCCF") located in Holly Springs, Mississippi. Doc. # 1 at 2. Grace asserts that various MCCF employees falsely accused him of misconduct resulting in institutional punishment. *Id.* at 4-5.

In particular, MCCF officials accused Grace of writing an inappropriate letter to MCCF officer Alexis Roby and delivering said letter to her. *Id.* Grace denied delivering the letter directly to Roby; instead, he contends that he "informed Roby [that] the letter was in the Alpha Tower drop box" and "Captain C. Traylor ordered [him] to retrieve the letter from the drop box and hand it to him, which [he] did." *Id.*

Grace *seemingly* argues that Roby never received the letter or perhaps he just means she did not receive the letter directly *from* him. *Id.* Either way, Grace does *not* deny writing the letter at issue. Grace was charged, found guilty, and issued a Rule Violation Report ("RVR") for attempting to have a romantic relationship with Roby. *Id.* A loss of thirty (30) days of visitation privileges was imposed as punishment. *Id.*

Roby names Alexis Roby, Captain C. Traylor, Disciplinary Hearing Officer D. Grey, and Deputy Superintendent/Superintendent Thomas Mauney as Defendants. *Id.* at 2-3 Roby opines that the RVR and resulting punishment "placed on [his] institutional record impacting [his] classification/status" causing him "severe emotional distress" and constituted a "violation of [his] constitutional due process rights." *Id.* at 5.

On October 15, 2026, the Court entered an Order directing Grace to show cause why this case should not be dismissed with prejudice for failure to state a claim upon which relief can be granted. Doc. # 15. Grace filed his response to the show cause order on November 2, 2026. Doc.# 16.

In his response, Grace repeats his assertions that he never gave Roby the inappropriate letter but merely advised her that he had placed it in the drop box and that it was Captain Traylor who directed him to retrieve the letter from the drop box and give it to him. *Id.* at 1. Grace contends this amounts to a falsification of the charge(s) against him and believes that the resulting punishment unfairly prejudices his institutional record. *Id.* at 2-3.

**Discussion**

To maintain a procedural due process claim, Grace must show that the RVR at issue either: (1) affected or "will inevitably affect the duration of his sentence;" or (2) imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 545 U.S. 472, 484, 487 (1995). The only consequence of the RVR identified in Grace's complaint is a loss of his visitation privileges for a period of thirty (30) days. *See* Doc. # 1 at 5.

The deprivation of visitation privileges certainly does not affect the duration of Grace's sentence, nor does it constitute an atypical or significant hardship. *See Watkins v. Lnu*, 547 F. App'x 409, 410 (5th Cir. 2013) (holding three-month loss of commissary, visitation, and telephone privileges did not implicate a liberty interest); *see also Cline v. Vasquez*, 2014 WL 5363885, at *2 (E.D. Tex. Oct. 21, 2014) (holding petitioner's claim concerning disciplinary segregation and the loss of email, phone and visitation privileges for 180 days do not implicate due process concerns); *Frechou v. King*, 2014 WL 172079, at *2 (S.D. Miss. Jan. 15, 2014) (holding plaintiff failed to assert a cognizable constitutional violation by losing prison privileges for 180 days). Moreover,

the Supreme Court has held that prison visitation is not an independent right protected by the Due Process Cause. *Ky. Dep't of Corrs. V. Thompson*, 490 U.S. 454, 461 (1989) (rejected on other grounds by *Sandin*, 515 U.S. at 482). The Fifth Circuit Court of Appeals likewise has held that prisoners do not have a liberty interest in visitation. *E.g., Watkins*, 547 F. App'x at 410.

As to Grace's allegation regarding the potential impact to his custody/classification status, inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to 103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted).

The Court notes that Grace complains that Disciplinary Hearing Officer D. Grey found him guilty of the RVR despite video footage showing that Roby never received the letter. Grace further takes issue with Deputy Superintendent Mauney's denial of his Administrative Remedy Program grievance. A § 1983 plaintiff, however, cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007). Moreover, a prisoner possesses no constitutional right to a grievance procedure and no due process liberty interest right to have his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005).

In sum, the punishment for the allegedly false RVR does not indicate the presence of a protectable liberty or property interest, and, consequently, Grace fails to allege a cognizable due

process claim. And Grace's allegations against Disciplinary Hearing Officer D. Grey and Deputy Superintendent Thomas Mauney are limited to their involvement in the grievance process, which do not implicate due process or equal protection. Thus, Grace's claim(s) should be dismissed for failure to state a claim upon which relief can be granted.

## Conclusion

Based on the foregoing discussion, the Court finds that Grace has failed to state a cognizable constitutional claim. Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. Grace is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 13th day of November, 2026.

/s/ David A. Sanders
**DAVID A. SANDERS**
**UNITED STATES MAGISTRATE JUDGE**